# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00297-CR

**Richard Reyes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
### NO. 2002-148, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Richard Reyes pleaded guilty to the offenses of aggravated sexual assault of a child, attempted aggravated sexual assault, and indecency with a child by exposure. Tex. Pen. Code Ann. § 22.021(a)(B)(iii) (West Supp. 2004), §§ 15.01, 21.11(a)(2)(A) (West 2003). Reyes's plea was not made pursuant to an agreement with the State, and the trial judge assessed punishment at 30 years' confinement for the aggravated sexual assault charge, 20 years' confinement for the attempted sexual assault charge, and 10 years' confinement for the indecency with a child by exposure charge.

Reyes appeals only his conviction for indecency with a child. He contends that the conviction violated the prohibition against double jeopardy because the conduct supporting this

charge was incident to and an integral part of the offense of attempted aggravated sexual assault to which he pleaded guilty. *See* U.S. Const. amend. V; *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Landers v. State*, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997); *Patterson v. State*, 96 S.W.3d 427, 432-33 (Tex. App.—Austin 2002, pet. granted). The State concedes that the indecency conviction violated the Double Jeopardy Clause of the United States Constitution, but argues that by pleading guilty, Reyes waived the right to appeal this non-jurisdictional error. Our review of the record, however, reflects that the trial court correctly certified that Reyes's case "is not a plea-bargain case, and the defendant has the right of appeal."

In *Young v. State*, the court of criminal appeals set forth the standard for waiver in cases where the defendant pleads guilty:

> Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere "waives" or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error.

8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000) (abolishing the *Helms* rule); *see also Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003) ("a non-bargaining defendant may be able to appeal an error not raised on a written pretrial-motion, if it is otherwise preserved and survives *Young*").[1]

---

[1] The rules of appellate procedure place further limitations on a defendant's right to appeal when he has pleaded guilty pursuant to a plea bargain. *See* Tex. R. App. P. 25.2(a)(2) (requiring permission of trial judge for appeal of those matters not raised by written motion and ruled on by trial court). There is no such limitation in the rules for an unbargained guilty plea.

A double jeopardy claim may be raised for the first time on appeal. *Jones v. State*, 586 S.W.2d 542, 544 (Tex. Crim. App. 1979). Furthermore, the judgment of conviction was not rendered independent of the double jeopardy violation as "the claim is that the State may not convict petitioner no matter how validly his factual guilt is established." *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975). Because the judgment of conviction was not rendered independent of Reyes's double jeopardy claim and the State has conceded error, we reverse Reyes's conviction for indecency with a child by exposure. *See Patterson*, 96 S.W.3d at 433.

The judgments of conviction for aggravated sexual assault and attempted aggravated sexual assault are affirmed. The judgment of conviction for indecency with a child by exposure is reversed and that cause is dismissed.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed in Part; Reversed and Dismissed in Part

Filed: July 1, 2004

Do Not Publish

3