ACCEPTED
03-15-00301-CR
6442724
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/11/2015 11:57:32 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00301-CR

COURT OF APPEALS

FOR THE

THIRD SUPREME JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/11/2015 11:57:32 AM
JEFFREY D. KYLE
Clerk

---

IN RE JOSE C. LOREDO,

Appellant

---

FROM THE HAYS COUNTY COURT AT LAW NO. 1 OF

HAYS COUNTY, TEXAS – HONORABLE JUDGE ROBERT UPDEGROVE

---

**APPELLANT'S BRIEF**

---

Respectfully submitted,

**MENDOZA LAW OFFICES, PLLC**
608 South Guadalupe Street
San Marcos, Texas 78666
Tel: (512) 757-8830
Fax: (512) 878-8426

---

David A. Mendoza
State Bar No. 24046426
mendozaone@yahoo.com

*ORAL ARGUMENT NOT REQUESTED*

**Indetification of Parties**

Trial Counsel on Application for Writ of Habeas Corpus:

Representing State of Texas:

Ms. Rebecca Culpepper, SBN 24077429
Assistant District Attorney
Hays County Government Center
712 S. Stagecoach Trail
San Marcos, Texas 78666
(512) 393-7600-Telephone
(512) 393-7619 - Facsimile

Representing Appellant Jose C. Loredo:

Mr. David A. Mendoza, SBN 24046426
Attorney for Appellant
608 South Guadalupe Street
San Marcos, Texas 78666
(512) 757-8830 – Telephone
(512) 787-8426 – Facsimile

Appellate Counsel:

Mr. Wesley Mau, SBN 00784539
Hays County Criminal District Attorney
Hays County Government Center
712 S. Stagecoach Trail
San Marcos, Texas 78666
(512) 393-7600-Telephone
(512) 393-7619 – Facsimile
Attorney for Appellee State of Texas

Representing Appellant Jose C. Loredo:

Mr. David A. Mendoza, SBN 24046426
Attorney for Appellant, Jose C. Loredo

ii

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................III

STATEMENT OF ORAL ARGUMENT ................................…..………..III

INDEX OF AUTHORITIES...........................................................................IV

STATEMENT OF THE CASE.........................................................................1

ISSUE ONE.....................................................................................................1

SUMMARY OF THE ARGUMENT.................................................................2

FACTS ...........................................................................................................3

ARGUMENT....................................................................................................5

  ISSUE ONE

*Appellant asserts a violation of the protections afforded him under the Double Jeopardy Clause of the Fifth Amendment, because the subsequent prosecution in the misdemeanor case amounts to a subsequent prosecution for the same offense after conviction and multiple punishments for the same offense* ................................................................................2.

CONCLUSION.................................................................................................10

PRAYER...........................................................................................................11

CERTIFICATE OF SERVICE ........................................................................12

## Statement of Oral Argument

Oral argument not requested.

# INDEX OF AUTHORITIES

## CASES

*Ex parte Milner*, 394 S.W.3d 502 (Tex. Crim. App. 2013) ...........................5, 6

*Ex parte Schmidt*, 109 S.W.3d 480 (Tex. Crim. App 2003) ..............................6

*Reyes v. State*, 139 S.W.3d 448 (Tex. App. – Austin 2004, no pet.) ....................8

*Shelby v. State*, 448 S.W.3d 431 (Tex. Crim. App. 2014) ..........….......................6

*Wilson v. State*, No. 05-10-01207-CR, 2012 Tex. App.LEXIS 2192 (Tex. App.-Dallas March 21, 2012, no pet.) (UNPUBLISHED) ...............................9, 10

## STATE STATUTES

ARTICLE 1.10, C.C.P..................................................................6

## U.S. CONSTITUTION

FIFTH AMENDMENT .......................................................5, 11
FOURTEENTH AMENDMENT ..............................................5, 7, 11

## TEXAS CONSTITUTION

ARTICLE I, §14................................................................6, 11

NO. 03-15-00301-CR

COURT OF APPEALS

FOR THE

THIRD SUPREME JUDICIAL DISTRICT

IN RE JOSE C. LOREDO,
                                        Appellant

APPELLANT'S BRIEF

TO THE HONORABLE JUSTICE OF THE COURT OF APPEALS:

COMES NOW Jose C. Loredo, Appellant, by and through his Attorney, David

A. Mendoza, and files this Appeal of the denial of his Application for Writ of Habeas

Corpus and would show the Court the following:

## STATEMENT OF THE CASE

Appellant was indicted for Aggravated Assault with a Deadly Weapon

[Family Violence] a Second Degree Felony. Appellant was also charged by

information and complaint with Assault Causing Bodily Injury – Family Violence.

Both the indictment and the information alleged the same offense date, the same

victim, and the same manner and means.

Appellant pleaded guilty in the felony case to the lesser included offense of Assault Causing Bodily Injury-Family Violence, a Class A misdemeanor. On the same day in the misdemeanor case, Appellant pleaded guilty to the offense of Assault Causing Bodily Injury-Family Violence, a Class A misdemeanor. Appellant's punishment in both cases was assessed at 160 days, credit for time served.

Appellant complains that the prosecution in the county court was a violation of the Double Jeopardy protection afforded him under the Fifth Amendment to the United States Constitution. Appellant filed an Application for Writ of Habeas Corpus seeking relief from the double jeopardy violation. The application was denied and this appeal ensued.

## ISSUE

Appellant asserts a violation of the protections afforded him under the Double Jeopardy Clause of the Fifth Amendment, because the subsequent prosecution in the misdemeanor case amounts to a subsequent prosecution for the same offense after conviction and multiple punishments for the same offense.

## SUMMARY OF THE ARGUMENT

Appellant's Application for Writ of Habeas Corpus should have been granted, because the prosecution in the county court is a violation of the Double Jeopardy

protection afforded Appellant under the Fifth Amendment to the United States Constitution.

The felony and misdemeanor charge are practically mirror images of each other. The indictment charges Aggravated Assault with a Deadly Weapon-Family Violence and the information charges Assault Causing Bodily Injury – Family Violence. However, both the indictment and the information alleged the same offense date, the same victim, and the same manner and means. The prosecution and punishment of Appellant in the second, less severe case amounts to violation of the double jeopardy protection afforded Appellant under the Fifth Amendment to the United States Constitution.

## FACTS

In Cause No. CR-10-0816, Appellant was charged with Aggravated Assault with a Deadly Weapon [Family Violence] a Second Degree Felony.[1]

In Cause No. 095790, Appellant was charged with Assault Causing Bodily Injury [Family Violence], a Class A Misdemeanor.[2] The victim in both the felony case and the misdemeanor case is the same person, April Najera.[3] Similarly, the alleged act occurred on the same date in both cases, May 10, 2009.[4]

---

[1] Clerk's Record (hereinafter "CR") page 44.
[2] CR 9.
[3] CR 9,44.

In the felony indictment, the state alleged that Appellant brandished a knife while in the commission of an assault on the victim, which occurred by grabbing the victim's hair and face with Appellant's hand or hands.[5]

In the misdemeanor complaint, the State alleged that the Appellant assaulted the victim by grabbing the victim about the face or pulling the hair of the victim or by striking the victim.[6]

On September 8, 2011, in the felony case, Appellant pleaded Guilty to the lesser included offense of Assault Causing Bodily Injury-Family Violence, a Class A misdemeanor.[7]

On the same day in the misdemeanor case, Appellant pleaded Guilty to the offense of Assault Causing Bodily Injury-Family Violence, a Class A misdemeanor.[8]

The punishment in both cases is 160 days, credit for time served.

---

[4] *Id..*
[5] CR 44.
[6] CR 9.
[7] CR 28-29.
[8] CR 13-14.

## ARGUMENT& AUTHORITY

Appellant is unlawfully restrained of his liberty by and through a subsequent conviction and punishment for the same occurrence. In Cause No. CR-10-0816, Appellant was convicted of the lesser included offense of Assault Causing Bodily Injury-Family Violence, a Class A Misdemeanor. In Cause No. 095790, Appellant was convicted of Assault Causing Bodily Injury-Family Violence, also a Class A misdemeanor. The victim and date are the same. Other than the assault for which he was twice convicted, Appellant was not charged with any other crime against April Najera on May 10, 2009, either by indictment, complaint, information or counts or paragraphs.

The double jeopardy clause in the Fifth Amendment is extended to state criminal prosecutions through the 14th Amendment. Double Jeopardy protects citizens from three things: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013) (finding "[w]hen a double-jeopardy violation has occurred, a writ of habeas corpus is a proper venue through which to challenge the error).

Appellant claims that the State has violated the latter two prohibitions, because he was subjected to a subsequent prosecution for the same offense after conviction, and he was also subjected to multiple punishments for the same offense.

Thus, the appropriate remedy is to leave intact the more serious conviction and vacate the less serious offense. As the Court of Criminal Appeals surmised in *Shelby*, "[w]hen an individual is convicted of two offenses that are the "same" for double jeopardy purposes, the appropriate remedy is to affirm the conviction for the "most serious" offense and to vacate the other conviction." *Shelby v. State*, 448 S.W.3d 431, 440 (Tex. Crim. App. 2014).

Accordingly, Appellant requests that the misdemeanor conviction in Cause No. 095790 be vacated and declared null and void, because the subsequent prosecution and punishment is barred by the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, Article I, § 14 of the Texas Constitution, and Article 1.10 of the Texas Code of Criminal Procedure.

**Jurisdiction and Illegal Restraint.** Pursuant to article 11.09, Code of Criminal Procedure, an application for writ of habeas corpus is properly before the County Court at Law when a person is confined on the charge of a misdemeanor. However, actual constraint is not required. *Ex parte Schmidt*, 109 S.W.3d 480 (Tex. Crim. App 2003) (reversing denial of application for writ of habeas corpus from Harris County Criminal Court, because defendant was restrained due to enhancement provisions in DWI laws); *see also Ex parte Milner*, 394 S.W.3d 502 (Tex. Crim. App. 2013) (finding that when a double jeopardy violation has occurred, a writ of habeas corpus is the appropriate venue to challenge the violation). Jose Loredo is

constrained of his liberty, because the second conviction for assault causing bodily injury-family violence may result in Jose Loredo's deportation. Mr. Loredo has an immigration hearing scheduled for June 2015.

**Second Prosecution and Multiple Punishments.** The double jeopardy clause in the Fifth Amendment is extended to state criminal prosecutions through the 14th Amendment. Double Jeopardy protects citizens from three things: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. When the State subjected Jose Loredo to a second prosecution and punishment for the same assault against April Najera, it was a violation of the double jeopardy clause.

In its trial brief, the State argued that Jose Loredo's double jeopardy claim is improper, because the charges started out differently, e.g. Aggravated Assault in district court and Class A assault in county court.[9] The State's argument, however, ignored the end result in the record, i.e., two misdemeanor assault prosecutions and convictions for the same crime. April Najera is the victim in both cases. Furthermore, the evidence in the record is that Jose Loredo committed only one assault on April Najera on May 10th, 2009.

Alternatively, the State argued that if double jeopardy occurred, Jose Loredo voluntarily waived his rights to the protections afforded under the double jeopardy

clause.[10] First, there is absolutely no express or implied waiver in the plea bargain agreements to the rights afforded by the double jeopardy clause.

Moreover, in *Reyes v. State*, 139 S.W.3d 448 (Tex. App. – Austin 2004, no pet.), the Austin Court of Appeals ruled that:

> [w]hether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere "waives" or forfeits the right to appeal a claim of error *only when the judgment of guilt was rendered independent of, and is not supported by, the error*.

*Reyes*, 139 S.W.3d at 448. Reyes had pleaded guilty to aggravated sexual assault of a child and a second charge of indecency with a child. The state conceded that the two charges were integral and violated double jeopardy, because both charges stemmed from one incident.

However, the State in the Reyes case argued on appeal that Reyes waived the double jeopardy violation by pleading guilty.

The Austin Court went on to find that the lower court's judgment was not rendered independent of the double jeopardy violation, because the State could not

---

[9] CR 38-40.
[10] *Id.*

convict the defendant of the second crime no matter how validly his factual guilt is established. *Id.* at 449.

Similarly, Jose Loredo did not waive his double jeopardy protections, because the second prosecution and second punishment is for the same crime. Thus, the second judgment is directly supported by the facts in the first prosecution and first punishment. In other words, the second judgment in Jose Loredo's case is not independent of the other misdemeanor assault, i.e., the double jeopardy violation. The State cannot convict Jose Loredo of the second Assault no matter how validly his factual guilt is established. The misdemeanor assault and felony assault allege the same victim on the same date and there is no evidence that there is a second assault on April Najera.

In *Wilson v. State*, No. 05-10-01207-CR, 2012 Tex. App.LEXIS 2192 (Tex. App.- Dallas March 21, 2012, no pet.) (UNPUBLISHED), the defendant pleaded guilty to two burglary of a habitations wherein the State changed the consentor in the second burglary. The habitation was the same in both cases and the date alleged was the same in both cases. The difference was the person who gave consent. One case said without the effective consent of Jean Black and the other case said with effective consent of Twaya Michelle Wilson.

The *Wilson* court found that same offense means identical criminal act and that in their case the indictments alleged entry into two different habitations. *Wilson* at *3. However, the undisputed facts were that the two convictions were based on the same conduct, which was one entry into the habitation. Likewise, in our case Jose Loredo pleaded guilty to a misdemeanor assault against April Najera on May 10th and he also pleaded guilty to a misdemeanor assault against April Najera on May 10th. The undisputed evidence is that Jose Loredo committed one assault against April Najera on May 10th. The *Wilson* court held that "two convictions based on a single unlawful entry violate double jeopardy." *Wilson* at *9.

Jose Loredo is asking this Court to find that two convictions based on a single assault likewise violates double jeopardy.

## CONCLUSION

Appellant's Application for Writ of Habeas Corpus seeking relief from a violation of the Double Jeopardy clause should have been granted, because Appellant was subjected to a subsequent prosecution for the same offense after conviction, and he was also subjected to multiple punishments for the same offense.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Jose C. Loredo prays that this Court reverse the trial court's denial of the Application for Writ of Habeas Corpus, or Grant Appellant's Application and Order that that the misdemeanor conviction in Cause No. 095790 be vacated and declared null and void, because the subsequent prosecution and punishment is barred by the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, Article I, § 14 of the Texas Constitution, and Article 1.10 of the Texas Code of Criminal Procedure, and to grant any further relief to which Applicant may be entitled.

Respectfully submitted,

MENDOZA LAW OFFICES, PLLC
608 South Guadalupe Street
San Marcos, Texas 78666
Tel: (512) 757-8830
Fax: (512) 878-8426

_____
David A. Mendoza
State Bar No. 24046426
mendozaone@yahoo.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing brief has been mail-delivered to:

Ms. Rebecca Culpepper, SBN 24077429
Assistant District Attorney
Hays County Government Center
712 S. Stagecoach Trail
San Marcos, Texas 78666
(512) 393-7600-Telephone
(512) 393-7619 - Facsimile


Mr. Wesley Mau, SBN 00784539
Hays County Criminal District Attorney
Hays County Government Center
712 S. Stagecoach Trail
San Marcos, Texas 78666
(512) 393-7600-Telephone
(512) 393-7619 – Facsimile
Attorney for Appellee


on this the ___9___ day of August, 2015.

_____
David A. Mendoza

## CERTIFICATE OF PAGE/WORD LIMIT

I certify that this brief, exclusive of the Cover Page, Table of Contents, Index, and Certificate of Service, contains 2,036 words.

_____
David A. Mendoza        8/9/2015