

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,657-01

### EX PARTE RICHARD REYES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2002-148
### FROM CALDWELL COUNTY

*Per curiam*.

## O R D E R

Applicant entered an open plea of guilty to one count of aggravated sexual assault of a child, one count of attempted aggravated sexual assault of a child, and one count of indecency with a child by exposure. He was sentenced to thirty years' imprisonment for the aggravated sexual assault count, twenty years' imprisonment for the attempted aggravated sexual assault count, and ten years' imprisonment for the indecency with a child count, all running concurrently. The Third Court of Appeals affirmed in part and reversed in part, determining that the indecency by exposure was incident to the attempted aggravated assault, and Applicant's convictions for both counts therefore violated the prohibition on double jeopardy. *Reyes v. State*, 139 S.W.3d 448 (Tex. App. — Austin July 1, 2004) (no pet.). Applicant filed this application for a writ of habeas corpus in the county of

conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel was ineffective. Applicant alleges that trial counsel failed to perform an independent investigation, failed to interview witnesses, failed to file pre-trial motions, failed to secure the assistance of an expert, and induced Applicant's plea by telling him that he would receive a life sentence if he did not plead guilty.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first ensure that the habeas record is supplemented with all relevant documents, including the trial docket, any pre-trial motions that were filed and ruled on in this case, and any written notice of intent to seek enhanced punishment. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 26, 2021
Do not publish